# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL EDWARD JANSEN,

    Petitioner,

v.

JERRY OURIQUE,

    Respondent.

Case No. 1:25-cv-00491-SAB-HC

ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED

## I.

## BACKGROUND

Petitioner is a state prisoner currently confined at Pleasant Valley State Prison, serving an eleven-year sentence for convictions sustained in the Sutter County Superior Court. (ECF No. 1 at 1.[1]) On April 28, 2025, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1.) In Ground One, Petitioner challenges a disciplinary proceeding, for which he spent six months in administrative segregation and lost 360 days of credit, alleging that the disciplinary proceeding was in retaliation for Petitioner commencing a civil lawsuit against the California Department of Corrections and Rehabilitation ("CDCR"). (Id. at 5.) In Ground Two, Petitioner alleges that the CDCR took $98.00 out of his account for a food sale but did not give him any of the items he ordered. (Id. at 10.) In Ground Three, Petitioner asserts that his sentence is enhanced by a prior conviction of which he is actually innocent. (Id. at 11.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

### A. Ground One: Exhaustion

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, Petitioner states that he has exhausted all administrative remedies with respect to Ground One and is "in the process of filing in state court." (ECF No. 1 at 5.) If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of this claim. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented Ground One to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether Ground One has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claim now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

### B. Ground Two: Cognizability in Federal Habeas Corpus

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he

is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has held that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles, 830 F.3d at 934 (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S at 535 n.13).

In Ground Two, Petitioner challenges the removal of $98.00 from his account. As success on Ground Two would not necessarily lead to immediate or earlier release from custody, it is not cognizable in federal habeas corpus.

**C. Ground Three: Unauthorized Successive Petition**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements. Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of

Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

In Ground Three, Petitioner challenges his 2020 Sutter County Superior Court sentence on the ground that it was unlawfully enhanced by a prior conviction of which he is actually innocent. (ECF No. 1 at 1, 12.) Petitioner previously sought federal habeas relief in this Court with respect to the same judgment. See Jansen v. Smith, No. 2:23-cv-02018-EFB (dismissed as untimely).[2] Accordingly, the Court finds that the instant petition is "second or successive" under § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive"). Petitioner must obtain prior leave from the Ninth Circuit to file a petition raising Ground Three.

## III.

## ORDER

Based on the foregoing, Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed as an unauthorized successive petition and for failure to exhaust state judicial remedies and failure to state a cognizable federal habeas corpus claim.

Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **June 4, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).