# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EDWARD JANSEN,<br><br>   Petitioner,<br><br>   v.<br><br>JERRY OURIQUE,<br><br>   Respondent. | Case No. 1:25-cv-00491-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS GROUNDS TWO AND THREE OF THE PETITION AND GRANT PETITIONER'S MOTION TO STAY<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

## I.

## BACKGROUND

Petitioner is a state prisoner currently confined at Pleasant Valley State Prison, serving an eleven-year sentence for convictions sustained in the Sutter County Superior Court. (ECF No. 1 at 1.[1]) On April 28, 2025, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1.) In Ground One, Petitioner challenges a disciplinary proceeding, for which he spent six months in administrative segregation and lost 360 days of credit, alleging that the disciplinary proceeding was in retaliation for Petitioner commencing a civil lawsuit against the California Department of Corrections and Rehabilitation ("CDCR"). (Id. at 5.) In Ground Two, Petitioner alleges that the CDCR took $98.00 out of his account for a food sale but did not give him any of the items he ordered. (Id. at 10.) In Ground Three, Petitioner asserts that his sentence is enhanced by a prior conviction of which he is actually innocent. (Id. at 11.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On June 4, 2025, the Court issued an order to show cause ("OSC") why the petition should not be dismissed for nonexhaustion, failure to state a cognizable federal habeas claim, and as an unauthorized second or successive petition. (ECF No. 6.) On July 2, 2025, Petitioner filed his response to the OSC. (ECF No. 7.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**A. Ground Two**

1. Cognizability in Federal Habeas Corpus

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has held that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles, 830 F.3d at 934 (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S at 535 n.13).

In Ground Two, Petitioner challenges the removal of $98.00 from his account. Petitioner "believes that the taking of money out of his account constitutes cruel and unusual punishment which is a violation of the Eighth Amendment of the United States Constitution so thereby

2

triggering relief by habeas corpus petition." (ECF No. 7 at 2–3.) Although Petitioner asserts an Eighth Amendment constitutional violation, "[b]ecause success on [Ground Two] would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935.

      2.   Conversion to § 1983 Action

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes, however, that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

Due to these differences and the disadvantages that recharacterization may have on Petitioner's claim, the Court finds that it would be inappropriate to construe the habeas petition as a civil rights complaint under 42 U.S.C. § 1983. The Court notes that the filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted *in forma pauperis* status. See 28 U.S.C. § 1915(b)(1). Moreover, the petition names the Warden as Respondent and thus, does not name the correct defendant. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). This conclusion, however, does not preclude Petitioner from pursuing his claim in a properly filed civil action brought pursuant to 42 U.S.C. § 1983. Accordingly, Ground Two should be dismissed.

///

///

**B. Ground Three**

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements. Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

In Ground Three, Petitioner challenges his 2020 Sutter County Superior Court sentence on the ground that it was unlawfully enhanced by a 2009 Sonoma County Superior Court conviction of which he is actually innocent. (ECF No. 1 at 1, 12.) Petitioner previously sought federal habeas relief in this Court with respect to the 2020 Sutter County Superior Court judgment. See Jansen v. Smith, No. 2:23-cv-02018-EFB (dismissed as untimely).[2] Accordingly, the Court finds that the instant petition is "second or successive" under § 2244(b). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding "dismissal of a first habeas petition for untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims," and thus renders subsequent petitions "second or successive"). Petitioner claims that

---

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

4

Ground Three is based on newly discovered evidence and thus, falls into one of § 2244(b)(2)'s exceptions. However, "a petitioner cannot bring a second or successive habeas application directly to the district court. Instead, he must first go to the court of appeals and make a 'prima facie showing' that the petition satisfies one of § 2244(b)(2)'s exceptions, and *that* court has to grant authorization for the petitioner to proceed in district court." Rivers v. Guerrero, 605 U.S. 443, 450 (2025). Petitioner must obtain prior leave from the Ninth Circuit to file a petition raising Ground Three. Accordingly, Ground Three should be dismissed.

**C. Ground One**

1. Exhaustion

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, Petitioner states that he has exhausted all administrative remedies with respect to Ground One and is "in the process of filing in state court." (ECF No. 1 at 5.) Petitioner concedes that Ground One is unexhausted. Petitioner filed the petition "so as not to be found at a later date to be untimely within the strict rules under the AEDPA" and seeks a stay. (ECF No. 7 at 2.)

2. Stay

Under Rhines v. Weber, 544 U.S. 269 (2005), "stay and abeyance" is available only in "limited circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78. "The caselaw concerning what constitutes 'good cause' under Rhines has not been developed in great detail." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017). "The Supreme Court has addressed the issue only once, when

it noted that a 'petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.'" Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)).[3] The Ninth Circuit has "held that good cause under Rhines does not require a showing of 'extraordinary circumstances,' Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005), but that a petitioner must do more than simply assert that he was 'under the impression' that his claim was exhausted, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)." Dixon, 847 F.3d at 720.

"A petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." Dixon, 847 F.3d at 720. Thus, the Ninth Circuit has found that for federal habeas petitioners who conducted their state post-conviction proceedings pro se, "the first element of the Rhines test can easily be established to the extent that they were without counsel." Id. at 722. Here, it appears that Petitioner has been conducting his state post-conviction proceedings pro se. Accordingly, the Court finds that Petitioner has satisfied Rhines's good cause requirement.

"A federal habeas petitioner [also] must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon, 847 F.3d at 722. "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" Id. (quoting Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005)). Ground One appears on its face to not be "plainly meritless." Petitioner challenges a disciplinary proceeding, alleging that the disciplinary proceeding was in retaliation for Petitioner commencing a civil lawsuit against the CDCR. Petitioner alleges that he was involved in a fight and the following day Petitioner was taken to administrative segregation and told that Weaver, one of the other inmates involved in the fight, sustained serious bodily

---

[3] In Pace, the Supreme Court noted that a solution to the "predicament" of "a 'petitioner trying in good faith to exhaust state remedies . . . litigat[ing] in state court for years only to find out at the end that he was never "properly filed,"' and thus that his federal habeas petition is time barred" is "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. at 416 (citations omitted).

injury. Petitioner saw Weaver four days later and Weaver was fine. Petitioner spoke with Weaver, who told Petitioner "he was fine and didn't understand why they were doing all this." The only evidence produced to Petitioner was a CDCR form with the alleged injuries written with an unknown signature from medical personnel. At the disciplinary hearing, Petitioner asked the hearing officer for evidence, such as documentation from a hospital or medical personnel, that showed Weaver sustained serious bodily injury. The hearing officer "didn't have anything" and found Petitioner guilty. (ECF No. 1 at 5–6.) The Court construes Petitioner's allegations as asserting a due process claim that "some evidence" does not support the decision of the hearing officer. See Superintendent v. Hill, 472 U.S. 445, 455 (1985) ("We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.").

As set forth above, Petitioner has established "good cause" for his failure to exhaust, and Ground One appears on its face to not be "plainly meritless." Finally, there is no indication in the record that Petitioner engaged in "intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. Accordingly, the Court finds that a stay is warranted

### III.
### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Grounds Two and Three of the petition be DISMISSED; and
2. Petitioner's motion to stay be GRANTED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

IT IS SO ORDERED.

Dated: **August 21, 2025**

STANLEY A. BOONE
United States Magistrate Judge